## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **United States of America,** | |
| **v.** | **Criminal No. 02-516 (JDB)** |
| | **Civil Action No. 05-479 (JDB)** |
| **Darneshia Mack,** | |
| **Defendant.** | |

### ORDER

This case is before the Court on defendant Darneshia Mack's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Defendant argues that her plea of guilty and resulting sentence should be set aside for two reasons: the plea was not voluntary and knowing and she was denied the right to effective assistance of counsel. For the reasons set out below, defendant's motion is denied.

### BACKGROUND

On October 14, 2002, members of the Royal Grenada Police Force ("RGPF") arrested defendant Darneshia Mack at the Point Salines Airport in Grenada, West Indies. Defendant was detained at the passenger screening area of the airport, attempting to board an Air Jamaica Airlines flight destined for John F. Kennedy Airport. During the detention, RGPF officers searched defendant, and found a number of packages attached to defendant's person. Later those packages were determined to contain cocaine. Defendant was traveling with Mashanda English, who was also arrested for carrying cocaine. At the time of her arrest, defendant and Ms. English

-1-

had a combined approximately 5.8 kilograms of cocaine attached to their persons.

On December 19, 2002, a two-count indictment was filed against defendant and Mashanda English in the United States District Court for the District of Columbia, charging defendant with: (Count 1) conspiracy to import and to distribute five kilograms or more of cocaine intending and knowing that the cocaine will be unlawfully imported into the United States and aiding and abetting, in violation of 21 U.S.C. § 963 and § 960 and 18 U.S.C. § 2; and (Count 2) distribution of five kilograms or more of cocaine intending and knowing that the cocaine will be unlawfully imported into the United States and aiding and abetting, in violation of 21 U.S.C. § 959, § 960, and 18 U.S.C. § 2.

On March 7, 2003, defendant pled guilty to Count 1, in accordance with a written plea agreement. Pursuant to that agreement, defendant agreed that the amount of drugs for purposes of the Sentencing Guidelines calculation was 5.8 kilograms of cocaine and the base offense level was 30. Defendant also agreed to certain departures based upon her acceptance of responsibility, her minor role, and a two-level "safety valve" downward departure. Defendant also agreed that the United States has the sole judgment and discretion to make a motion under section 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e) for a downward departure based upon plaintiff's assistance in the investigation and prosecution of others. On June 1, 2004, defendant was sentenced according to an offense level of 23, which provided a range of imprisonment of 46 to 57 months. Defendant was given a sentence of 46 months in prison, with three months credit for time served in Grenada, as well as five years of supervised release.

On March 9, 2005, the Court received defendant's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. Defendant argues that her guilty plea was

-2-

"unlawfully induced or not made voluntarily" or not made with an understanding of the consequences of pleading guilty. In support of her motion, plaintiff asserts that she did not understand everything in her plea agreement, and contends that her cooperation with authorities should have resulted in a section 5K1.1 motion for a downward departure in her sentence. Defendant also appears to raise an ineffective assistance of counsel argument, because she alleges that her counsel: failed to provide information at her sentencing about her cooperation with authorities; improperly negotiated her plea agreement with respect to her waiver of a right to appeal; failed to correct mistakes in the plea agreement and Pre-Sentence Report ("PSR"); and failed to obtain her mental health reports.

## ANALYSIS

A court may deny a section 2255 motion without holding an evidentiary hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The decision whether to hold a hearing is committed to the district court's discretion, particularly when "the judge denying the § 2255 motion also presided over the trial in which the defendant claims to have been prejudiced." United States v. Morrison, 98 F.3d 619, 625 (D.C. Cir. 1996); United States v. Pollard, 959 F.2d 1011, 1030 (D.C. Cir. 1992). Only where the section 2255 motion raises "detailed and specific factual allegations whose resolution requires information outside of the record or the judge's personal knowledge or recollection must a hearing be held." Pollard, 959 F.2d at 1030-31. Upon a careful review of the defendant's motion and the entire record of this criminal proceeding, as well as the Court's own recollection of the relevant events in that proceeding, the Court concludes that a hearing is unnecessary and that defendant's motion should be denied.

-3-

## I.    Knowing Guilty Plea

Defendant contends that her guilty plea was not made knowingly and voluntarily because the government failed to file a section 5K1.1 motion for a downward departure after defendant gave substantial cooperation in the government's investigation.  Defendant does not, however, seek to withdraw her guilty plea, but instead argues for a reduction in her sentence congruent with her substantial cooperation.  In particular, defendant notes that beyond her own cooperation, her step-father provided testimony for the Drug Enforcement Agency ("DEA").  She also alleges that the DEA informed someone under investigation of her cooperation.  Given this cooperation, defendant contends that she was entitled to a section 5K1.1 motion for a downward departure in her sentence, and that the government's failure to make such a motion renders her guilty plea involuntary.

It is well established that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."  Santobello v. New York, 404 U.S. 257, 262 (1971); see also Mabry v. Johnson, 467 U.S. 504, 509 (1984).  If a defendant's guilty plea was induced by a promise from the government, the "defendant's plea loses its consensual character if such promise is not fulfilled."  U.S. v. Griffin, 641 F. Supp. 1546, 1549 (D.D.C. 1986), aff'd, 816 F.2d 1 (D.C. Cir. 1987).  However, with respect to a downward departure, "in the absence of a specific agreement, the decision by the prosecutor to forego a downward departure motion in a particular case is not subject to judicial review at all."  United States v. Rexach, 896 F.2d 710, 713 (2d Cir. 1990); United States v. Huerta, 878 F.2d 89, 94 (2d Cir. 1989), cert. denied, 493 U.S. 1046 (1990) (prosecutor's broad discretion in making recommendation under section 5K1.1); United

-4-

States v. Jordon, 759 F. Supp. 902, 906 (D.D.C. 1991).

Examining the record here, the Court finds that the government did not promise a section 5K1.1 motion to the defendant so as to render her guilty plea involuntary. The plea agreement signed by defendant plainly states that defendant was not entitled to a section 5K1.1 downward departure. See Plea Agreement §9(j) ("The defendant understands that this Plea Agreement does not obligate the United States to make a motion under Section 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(3e)."); see also id. §§ 9(k)-(l). Moreover, prior to entering a guilty plea, and in response to a question from the Court, defendant stated that she understood that the determination whether to file a section 5K1.1 motion was solely in the discretion of the government. 3/7/03 Tr. at 21-22. She also stated that no one had made any promises regarding a possible sentence in exchange for her guilty plea. Id. at 22. The evidence is abundantly clear, then, that no promises of a downward departure were made to defendant in exchange for her cooperation, and she was fully aware of this when she pled guilty.

Although defendant couches her arguments in terms of an involuntary plea, she also appears to broadly complain about the government's failure to file a section 5K1.1 motion. In making this argument, defendant contends that given her cooperation with authorities in investigations, a section 5K1.1 motion should have been filed, regardless of whether one was actually promised to her. Generally, the courts will not review the discretion of the government whether to file a section 5K1.1 motion, although that discretion is not boundless. See Rexach, 896 F.2d at 713. The Second Circuit has recognized that a prosecutor's decision to seek a section 5K1.1 motion "cannot be made invidiously, or in bad faith." Id. at 714; Jordon, 759 F. Supp. at 906 (refusal to seek departure on the basis of a defendant's race, religion or assertion of

Constitutional rights could trigger court action).  Here, the defendant makes no claim that the

government's decision not to recommend a departure was made invidiously or in bad faith.

Instead, defendant argues that the government failed to account for the full scope of her

cooperation, and the government put her in danger by exposing her cooperation.  However, all of

this was made known during her sentencing hearing, see 6/1/04 Tr. at 8, and for purposes of

defendant's § 2255 motion to modify her sentence, the lack of any explicit promise to

recommend a departure or any evidence of bad faith means that there is no ground to modify

defendant's sentence.

## II.     Ineffective Assistance of Counsel

Defendant's second claim is that she had ineffective assistance of counsel both in the

guilty plea and sentencing phases of her case.[1]  To succeed upon a claim of ineffective assistance

of counsel, defendant must show (1) that her counsel "made errors so serious that counsel was

not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that

there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694

(1984).  In this context, a "reasonable probability is a probability sufficient to undermine

confidence in the outcome."  Id.  Defendant alleges that her counsel did not do a good job

negotiating her guilty plea because she had to waive her rights to appeal and was given a 43

month sentence.  She also says her counsel failed to correct errors in the plea agreement.  At

sentencing, defendant complains that her counsel did not inform the court that her cooperation

---

[1]  Defendant was represented by different counsel, both from the Federal Public
Defender's office, at these stages of the proceedings.

with authorities was made known to those under investigation. She also asserts he failed to correct mistakes in the PSR and did not introduce her mental health records.

Defendant's own statements during the plea hearing belie her criticisms of her counsel. In particular, in her signed plea agreement and under oath at her colloquy, defendant stated that she understood that by pleading guilty she was giving up her rights to appeal in most circumstances. See 3/7/03 Tr. at 9-10. Moreover, she acknowledged that the Court, after accepting her guilty plea, could sentence her to the maximum sentence of life imprisonment. Id. at 17. She also stated that she had discussed the sentencing guidelines with her counsel and understood them. Id. at 19-22. The Court instructed defendant to review the facts of the plea agreement for any error, which she did. Id. at 13. These statements by defendant, made under oath, indicate a clear understanding that she was waiving her rights of appeal and pleading guilty without a promise of a particular sentence. Moreover, at the plea hearing, defendant affirmed that she was satisfied with the legal services provided by her counsel in connection with the plea agreement, and that she had sufficient time to consult with her counsel about her case. Id. at 5. "These declarations concerning the performance of [defendant's] counsel were made in open court under oath and thus carry a strong presumption of verity." United States v. Grewal, 825 F.2d 220, 223 (9th Cir. 1987); United States v. Hawkins. 2005 WL 1660840, *3-4 (D.D.C. July 11, 2005).

Defendant's allegations regarding her counsel's performance at sentencing are equally unavailing. Defendant complains that her counsel failed to adequately advocate for a departure based on her cooperation, did not correct errors in the PSR, and did not furnish medical records. However, at the sentencing hearing, her counsel brought to the Court's attention defendant's efforts at cooperation. See 6/1/04 Tr. at 8. Counsel told the Court of her father's tape recording

of conversations, as well as the fact that her cousin may have told the target of the investigation of defendant's cooperation.  Id.  Furthermore, at the sentencing hearing, defendant's counsel made corrections to the PSR.  See 6/1/04 Tr. at 2.  Beyond those errors, defendant has not stated what are the remaining alleged errors in her PSR.  As to her medical records, even though her counsel did not provide her actual records, defendant's mental health history was made known to the Court.  Defendant's § 2255 motion does not state what relevant information could be found in her health records that was not already before the Court.  Therefore, upon this full review of defendant's papers and the record of this criminal proceeding, the Court does not perceive any basis for an ineffective assistance of counsel claim.

Accordingly, it is this 11th day of August, 2005, hereby

**ORDERED** that defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence is **DENIED**.

                                    /s/ John D. Bates
                                    JOHN D. BATES
                                    United States District Judge


Copies to:

DARNESHIA K. MACK
R26225-016
DANBURY FEDERAL CORRECTIONAL INSTITUTION
Route 37
Danbury, CT 06811
         *Defendant*

Erica Hashimoto
FEDERAL PUBLIC DEFENDER FOR D.C.
625 Indiana Avenue, NW
Washington, DC 20004
(202) 208-7500
        *Counsel for Defendant*

Stephen M. May
U.S. DEPARTMENT OF JUSTICE
Narcotic and Dangerous Drug Section
P.O. Box 27312 - Central Station
Washington, DC 20038
(202) 514-0928

Wendy L. Short
U.S. ATTORNEY'S OFFICE
Narcotics Division
555 Fourth Street, NW
Room 4245
Washington, DC 20530
(202) 514-1885
Fax: (202) 353-9414
Email: wendy.short@usdoj.gov
        *Counsels for the United States*